FILED

2022 Sep-27  AM 10:00
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

KARL N. PARHAM,                    )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )        CIVIL ACTION NO.:
                                   )
                                   )
HEXAGON US FEDERAL,                )
                                   )
        Defendant.                 )

---

### COMPLAINT

---

### JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 (4) and 28 U.S.C. §§ 2201 and 2202.  This is an employment discrimination suit authorized and instituted pursuant to an Act of Congress known as the Title VII of the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1866," 42 U.S.C. § 1981, as amended, and the "Age Discrimination in Employment Act of 1967," 29 U.S.C. § 623, as amended.  The jurisdiction of this Court is invoked to secure the protection of and to redress deprivation of rights secured by these laws, providing relief against race, sex and age discrimination in employment.

2.      Venue is proper in the Northern District of Alabama because the unlawful employment practices alleged herein were committed by the Defendant here.  Thus, venue is

proper pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §1391(b).

## PARTIES

3.      The Plaintiff, Karl N. Paham ("Parham" and "Plaintiff"), is an African-American citizen of the United States and is a resident of Madison County, Alabama.  He was born in 1967 and is over the age of forty (40).  Parham was employed by the Defendant for approximately thirty-one (31) years.

4.      The Defendant, Hexagon US Federal ("Hexagon" or "Defendant"), is a company doing business in Madison County, Alabama.  At all times relevant hereto, the Defendant has maintained and operated a business in Alabama.  The Defendant is engaged in an industry affecting interstate commerce, has had fifteen (15) or more employees at all times relevant hereto and is an employer within the meaning of 42 U.S.C. §2000e (b), (g) and (h).

## ADMINISTRATIVE EXHAUSTION

5.      Plaintiff, Karl N. Parham timely filed his charge of discrimination against the Defendant Hexagon US Federal ("Defendant") with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the last acts of discriminatory treatment.

6.      Pursuant to Title VII and the ADEA, the Plaintiff is filing this lawsuit within 90 days of the receipt of a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.   Plaintiff's claims under 42 U.S.C. § 1981 do not require administrative exhaustion and are subject to 28 U.S.C. § 1658's four-year statute of

limitations.

## FACTUAL ALLEGATIONS

7.     The Plaintiff, Karl N. Parham, is a fifty-five year (55) years old African-American female.

8.     Parham began his employment with the Defendant on October of 1990 in general administrative/maintenance position. Parham performed his duties and responsibilities in a satisfactory manner.

9.     In or around 2008 or 2009, Parham learned that a white female [Renee Tucker] was making approximately $18,000.00 per year more than him, even though they were performing the same job. Specifically, Tucker earned $55,000.00 annually while Parham earned $37,000.00.

10.    Parham has requested that his pay be adjusted to equal Ms. Tucker's, but each time his request has been rejected. As of July 22, 2021, Parham earned $52,000.00 annually.

11.    Additionally, a white male [Walter Stewart] who was performing the same job earned approximately $73,000.00 to $74,000.00 per year. The Defendant has never paid Parham the same as white employees for the same or substantially the same work.

12.    In February of March of 2020, Hexgon hired a white female [Laura Barnett] who was assigned to Parham's department, Shipping and Receiving. Barnett is under the age of 40 and/or at least ten (10) years younger than Parham.

13.     Initially, Barnett was introduced as a part-time employee, but her status was soon thereafter changed to full-time.  The Defendant then instructed Parham to train Barnett in how to perform his job.

14.     On or around September 17, 2020, Barnett was assigned a job training forklift operators.  Parham was required to attend this training eventhough he had been driving forklifts for Hexagon for over twenty-five (25) years.

15.     On July 22, 2021, Parham was summoned to a conference room by Hexagon officials and informed that he was being terminated for "stealing time".  Parham was accused of not working a full eight (8) hour shift.  This was untrue as Parham had never cheated Hexagon out of time.

16.     As soon as Parham was terminated, it was announced that Barnett would be assuming the duties and responsibilities of his job.  In effect Parham trained his replacement who was a much younger white female.

17.     Parham avers that he has been treated differently due to his race, sex, and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981 and the Age Discrimination in Employment Act of 1967.

## CAUSES OF ACTION

### COUNT I:

### RACE AND SEX DISCRIMINATION IN
### VIOLATION OF TITLE VII

18.    The Defendant violated Plaintiff's rights under Title VII by treating him

differently in the terms and conditions of employment due to her race and/or gender.

19.    Alternatively,  discrimination  on  the  basis  of  race and/or gender was a

motivating factor for the Defendant's actions towards the Plaintiff.

20.    The Defendant discriminated against the Plaintiff by refusing to raise his

compensation to a level commensurate to that of white and/or female employees who

performed the same or similar job duties.

21.    The Defendant also discriminated against the Plaintiff when it  unlawfully

terminated his employment so that it could award his position to a white female, Barnett.

22.    As a result of the above described discriminatory acts, Plaintiff has been

made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

WHEREFORE,  these  premises  considered,  Plaintiff  respectfully  requests  the

following:

(i)    That the Court issue an Order declaring that Defendant's acts as described
       herein violated Title VII;

(ii)   That the Court enter an Order requiring Defendant to make Plaintiff whole by
       placing  her  in  the  position  she  would  have  occupied  in  the  absence  of
       discrimination (or front-pay), providing back-pay with interest, and ordering
       Defendant to pay compensatory and punitive damages as a jury may assess;

(iii)   That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from further violation of Plaintiff's rights under Title VII;

(iv)   That the Court award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and,

(v)   That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT II

## RACE DISCRIMINATION
## IN VIOLATION OF 42 U.S.C. § 1981

23.   The Defendant violated Plaintiff's rights under §1981 by treating him less advantageously in the terms and conditions of employment than it treated white employee.

24.   The Defendant discriminated against the Plaintiff by refusing to raise his compensation to a level commensurate to that of white employees who performed the same or similar job duties.

25.   Hexagon has continuously paid the Plaintiff less than similarly situated white employees.

26.   The Defendant also discriminated against the Plaintiff when it  unlawfully terminated his employment so that it could award his position to a white female, Barnett.

27.   As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

WHEREFORE, these premises considered, Plaintiff respectfully requests the

following:

(i)     That the Court issue an Order declaring that Defendant's acts as described herein violated 42 U.S.C. § 1981;

(ii)    That the Court enter an Order requiring Defendant to make Plaintiff whole by placing her in the position she would have occupied in the absence of discrimination (or front-pay), providing back-pay with interest, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii)   That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from further violation of Plaintiff's rights under Title VII;

(iv)    That the Court award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and,

(v)     That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT III

## AGE DISCRIMINATION IN VIOLATION OF
## THE ADEA

28.     Plaintiff was subjected to unequal treatment regarding his employment because of his age, fifty-five (55).

29.     The Defendant discriminated against the Plaintiff on the basis of his age in the terms and conditions of employment by treating him less advantageously than employees under forty (40) years of age or younger.

30.     Specifically, Parham was compensated at a lesser rate than employees under forty (40) years of age.

-7-

31.     The Defendant also discriminated against the Plaintiff when it unlawfully terminated his employment so that it could award his position to a younger employee, Barnett.

32.     As a direct consequence of Defendant's discriminatory actions as set forth above, the Plaintiff has suffered loss of income and employment benefits, loss of prestige and opportunity for advancement, embarrassment, humiliation, severe mental anguish, and emotional pain and distress.

WHEREFORE, the Plaintiff respectfully prays that this Court:

(i)     Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by The Age Discrimination in Employment Act, as amended, 29 U.S.C. Section 621, et seq., 29 U.S.C. §§ 215 and 216 and 42 U.S.C. §2000e-3(a);

(ii)    Grant the Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate the Plaintiff's rights;

(iii)   Enter an Order requiring the Defendant to make the Plaintiff whole by granting him appropriate declaratory and injunctive relief, and back-pay, (plus interest), as well as nominal, liquidated damages, and other benefits of employment; and,

(iv)    The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

**PLAINTIFF REQUESTS A TRIAL BY
JURY ON ALL ISSUES TRIABLE BY JURY**

Respectfully submitted,

/s/Roderick T. Cooks
Lee D. Winston
Roderick T. Cooks
Attorney for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
351 24th Street North
Box 122
Birmingham, AL 35203
Tel:  (205) 502-0970
Fax: (205) 278-5876
email: rcooks@winstoncooks.com

**PLAINTIFF'S ADDRESS:**
Karl N. Parham
WINSTON COOKS, LLC
351 24th Street North
Box 122
Birmingham, AL 35203
Tel:  (205) 502-0970
Fax: (205) 278-5876
email: rcooks@winstoncooks.com

**DEFENDANT'S ADDRESS:**
Hexagon US Federal
301 Cochran Road S.W.
Huntsville, AL 35824
(256) 799-6300